**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RIMA ASMAR                                ) <br> 27688 Westchester Pkwy, Apt. A    ) <br> Westlake, OH 44145                     ) <br>                                                       ) <br>                      Plaintiff,            ) <br>                                                       ) <br>              v.                               ) <br>                                                       ) <br> APPLE INC.                                ) <br> One Apple Park Way                 ) <br> Cupertino, CA 95014                  ) <br>                                                       ) <br>         Serve Also:                       ) <br>         APPLE INC.                      ) <br>         267 Crocker Park Blvd.   ) <br>         Westlake, OH 44145        ) <br>                                                       ) <br>     -and-                                      ) <br>                                                       ) <br> VICTORIA SANDIFER              ) <br> c/o Apple Inc.                             ) <br> 267 Crocker Park Blvd.            ) <br> Westlake, OH 44145                 ) <br>                                                       ) <br>                      Defendants.        ) | CASE NO. <br><br> JUDGE: <br><br><br><br><br> **COMPLAINT FOR DAMAGES** <br><br> **Jury Demand Endorsed Herein** |

Plaintiff, Rima Asmar, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Asmar is a resident of the city of Westlake, county of Cuyahoga, state of Ohio.

2. Apple, Inc. is a foreign corporation that conducts business in the state of Ohio, including in Cuyahoga County.

3. Apple maintains a location known as Apple Crocker Park, a store in Westlake, Ohio.

## JURISDICTION & VENUE

4. Some or all of the material events alleged in this Complaint occurred in Cuyahoga County.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Asmar is alleging federal law claims of disability discrimination under the Americans with Disability Act, 42 U.S.C. 12112 *et seq*, as well as claims under the Family Medical Leave Act.

6. This Court has supplemental jurisdiction over Asmar's state law claims pursuant to 28 U.S.C. § 1367 because her state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Asmar filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2024-04963 against Apple.

9. On or about March 5, 2025, the EEOC issued a Notice of Right to Sue letter to Asmar regarding the EEOC Charge. See Exhibit 1.

10. Within two years of her separation, Asmar filed an OCRC Charges against Defendants related to her state law claims.

11. Asmar has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b) and Ohio law.

## FACTS

12. Asmar is a former employee of Apple.

13. Apple hired Asmar around September 8, 2018.

14. Apple employed Asmar as a Technical Expert.

15. Apple employed Asmar at its Crocker Park location in Westlake, Ohio.

16. At all relevant times, including during her employment, Asmar suffered from anxiety and depression.

17. Asmar suffered from one or more physical/mental impairments that substantially limited one or more of her major life activities.

18. Asmar sought intermittent FMLA leave to help treat and manager her disabilities.

19. When Asmar sought intermittent leave to help with her anxiety and depression, she had been working for Apple for more than a year and worked for more than 1250 hours in that period.

20. Apple employed more than 50 people in a 75-mile radius during that time so Asmar was eligible for FMLA leave.

21. On or around May 20, 2022, Asmar requested intermittent FMLA leave through Sedgwick.

22. Upon information and belief, Sedgwick was Apple's third party administrator for FMLA leave requests.

23. Asmar was approved for FMLA leave.

24. Asmar was permitted 3 days of protected leave per week.

25. Despite her leave being a protected activity, Asmar began receiving lower performance ratings from her supervisor as a result of taking the leave.

26. Asmar's supervisor was Victoria Sandifer.

27. Sandifer was aware of Asmar's medical conditions.

28. Sandifer was aware of Asmar's intermittent FMLA leave.

29. On or around April 20, 2024, Asmar encountered an irate customer.

30. On or around April 21, 2024, Sandifer informed Asmar that she had to speak with Dylan, the floor leader, about Asmar's interactions with the customer the previous day.

31. Asmar appropriately addressed the situation and believed the matter was behind her as she had not done anything out of place nor had she violated any policy.

32. On or around April 30, 2024, Asmar complained to HR about Apple and Sandifer. ("First Complaint")

33. As part of the First Complaint, Asmar explained that she was receiving low ratings for taking protected FMLA leave related to her ongoing medical conditions.

34. Upon information and belief, Apple failed to further investigate Asmar's First Complaint.

35. After Asmar complained to HR, Sandifer retaliated by filing a false allegation about Asmar's interaction with the irate customer on April 20, 2024.

36. Sandifer falsely accused Asmar of creating a password on the customer's phone.

37. Asmar never created such a password.

38. In truth, even if that had happened, other employees created and/or helped customers create passwords on a regular basis at the store.

39. At the time, Carolyn Adams, the Store Leader, was typically responsible for filing these reports if necessary .

40. Upon information and belief, Sandifer waited until Adams was on leave so she could file the report against Asmar instead.

41. On or around May 3, 2024, Asmar complained to HR about Sandifer's false allegations ("Second Complaint").

42. Asmar's Second Complaint included her complaining that she was being retaliated and/or discriminated against by Sandifer based on her FMLA use and medical conditions.

43. HR referred Asmar to Chelsea (last name presently unknown).

44. Upon information and belief, Apple failed to investigate Asmar's Second Complaint.

45. At no time was Asmar ever shown or provided with any policy that she allegedly violated with respect to the false allegations by Sandifer.

46. On or around May 28, 2024, Apple terminated Asmar's employment following her multiple complaints about Sandifer's conduct.

47. Asmar was terminated following her use of protected FMLA leave.

48. Asmar was terminated following her multiple discrimination and retaliation complaints.

## COUNT I: RETALIATION IN VIOLATION OF THE FMLA
### (Against All Defendants)

49. Asmar restates each and every prior paragraph of this complaint as if it were fully restated herein.

50. During her employment, Asmar requested paperwork for FMLA leave.

51. During her employment, Asmar utilized FMLA leave.

52. Asmar was eligible for FMLA leave.

53. Apple was an FMLA qualified "employer" for purposes of Asmar's pursuit of FMLA leave.

54. After Asmar requested her qualified FMLA leave, Defendants retaliated against her.

55. Defendants retaliated against Asmar by giving her lower or poor performance reviews.

56. Defendants retaliated against Asmar by making false allegations against her.

57. Defendants retaliated against Asmar by terminating her employment without any legitimate, non-retaliatory reason.

58. Defendants willfully retaliated against Asmar in violation of U.S.C. § 2615(a).

59. As a direct and proximate result of Defendants' wrongful conduct, Asmar is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT II: RETALIATION IN VIOLATION OF ADA, 42 U.S.C. § 12203
**(Against Apple Only)**

60. Asmar restates each and every prior paragraph of this complaint, as if it were fully restated herein.

61. Asmar complained about disability discrimination during her First and Second Complaints.

62. Subsequent to Asmar's Complaints, she was subjected to false allegations.

63. Subsequent to Asmar's Complaints, she was terminated.

64. Apple's actions were retaliatory in nature based on Asmar's opposition to unlawful discriminatory conduct.

65. Pursuant to 42 U.S.C. § 12203 of the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person opposed any unlawful discriminatory practice.

66. As a direct and proximate result of Defendant's conduct, Asmar suffered and will continue to suffer damages.

### COUNT III: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)
**(Against All Defendants)**

67. Asmar restates each and every prior paragraph of this complaint, as if it were fully restated herein.

68. Asmar complained about discrimination during her First and Second Complaints.

69. Subsequent to Asmar's Complaints, she was subjected to false allegations.

70. Subsequent to Asmar's Complaints, she was terminated.

71. Apple's actions were retaliatory in nature based on Asmar's opposition to unlawful discriminatory conduct.

72. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

73. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Asmar, she suffered and will continue to suffer damages.

**COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT**
**(Against Apple Only)**

74. Asmar restates each and every prior paragraph of her Complaint, as if it were fully restated herein.

75. Asmar suffered from depression and anxiety during her employment.

76. Asmar is and/or was disabled during stated relevant times during her employment.

77. Alternatively, Apple perceived Asmar as being disabled.

78. Asmar's Disability substantially limit one or more of her major life activities including working.

79. Despite Asmar's actual or perceived Disability, Asmar was still able to perform the essential functions of her job.

80. Apple was aware of Asmar's Disability.

81. Apple terminated Asmar's employment because of her Disability.

82. Apple violated the Americans with Disability Act (ADA), 42 U.S.C. 12101 et seq. when it terminated Asmar's employment because of her Disability.

83. As a direct and proximate result of Defendant's conduct, Asmar suffered and will continue to suffer damages.

## COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02
### (Against Apple Only)

84. Asmar restates each and every prior paragraph of her Complaint, as if it were fully restated herein.

85. Asmar suffered from depression and anxiety during her employment.

86. Asmar is and/or was disabled during stated relevant times during her employment.

87. Alternatively, Apple perceived Asmar as being disabled.

88. Asmar's Disability substantially limit one or more of her major life activities including working.

89. Despite Asmar's actual or perceived Disability, Asmar was still able to perform the essential functions of her job.

90. Apple was aware of Asmar's Disability.

91. Apple terminated Asmar's employment because of her Disability.

92. Apple violated the R.C. § 4112.01 et seq. when it terminated Asmar's employment because of her Disability.

93. As a direct and proximate result of Defendant's conduct, Asmar suffered and will continue to suffer damages

## DEMAND FOR RELIEF

WHEREFORE, Asmar demands from Defendants the following:

(a) An award against each Defendant of compensatory and monetary damages to compensate Asmar for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of punitive damages against each Defendant in an amount determined at trial;

(c) An award of reasonable attorney's fees and non-taxable costs for Asmar's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Fred M. Bean*
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, OH 44131
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: fred.bean@spitzlawfirm.com

*Attorney for Rima Asmar*

## JURY DEMAND

Plaintiff, Rima Asmar, demands a trial by jury by the maximum number of jurors permitted.

/s/ *Fred M. Bean*
Fred M. Bean (0086756)
**SPITZ, THE EMPLOYEE'S LAW FIRM**